## BACCHUS v. PETERS.

### (*Jackson.*   May 3d, 1887.)

I. ADMINISTRATION. *Insolvent estate.   Suggestion of insolvency defeats attachment lien, when.*

A creditor of an insolvent estate, who, prior to the suggestion of insolvency, attached the assets of the estate, under § 4192, Subsec. 7 (M. & V.), Code, authorizing attachments "where any person liable for any debt or demand, residing out of the State, dies leaving property in this State," is not entitled to priority of satisfaction in the settlement of the estate.

The subsequent suggestion of insolvency defeats the attachment lien.

§ 4192, Subsec. 7, was not intended to give any creditor priority in case of insolvency, but to give all creditors a remedy for collection of their debts, where the decedent was a non-resident and left property in this State.

Code cited: § 4192, Subsec. 7 (M. & V.) ; § 3455, Subsec. 7 (T. & S.)

Bacchus *v.* Peters.

Cases cited and approved: Watson *v.* Watson, 1 Bax., 387; Henderson *v.* McGhee, 6 Heis., 55; Hubbard *v.* Epps, 9 Bax., 238.

Cited and distinguished: Fields *v.* Wheatley, 1 Sneed, 350; Winton *v.* Eldridge, 3 Head, 360; Baugess *v.* Partee, 1 Leg. R., 87; Boyd *v.* Roberts, 10 Heis., 474.

2. STATUTE OF LIMITATIONS. *Waiver.*

To a plea of the statute of limitations, an express waiver, of that defense indorsed on the note sued on within six years next before institution of suit, is a sufficient answer.

Case cited and approved: Jordan *v.* Jordan, *ante*, p. 561.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. W. McDOWELL, Ch.

SMITH & COLLIER for Bacchus.

FINLAY & PETERS, and HARRIS & TURLEY, for Peters.

SNODGRASS, J. The amended bill in this cause alleged the death of Thos. Peters, a non-resident; that he left property in this State, and sought an attachment under Subsection 7 of § 4192 of the Code (new). Attachments issued and were levied.

Pending this suit, George B. Peters qualified as administrator of the estate of Thos. Peters, and answered the bill and amended bill herein. He had suggested the insolvency of the estate of Thos. Peters, and he set up such suggestion and insolvency as a defense among others not necessary to be noticed.

The Chancellor held that the levies fixed liens which were not displaced by the subsequent suggestion of insolvency, and decreed accordingly in complainants' favor, and for amount of note sued on, with interest. The administrator of Peters appealed.

The only question in the case is as to the proper construction of the subsection of the Code referred to, authorizing an attachment "where any person liable for any debt or demand, residing out of the State, dies, leaving property in the State," and its application under the facts of this case, where suggestion of insolvency has been made by administrator of the debtor, and such defense properly interposed in the attachment suit.

The object of our statutes for the administration of insolvent estates (applying, as they do, alike to estates of residents and non-residents—*Hubbard* v. *Epps*, 9 Bax., 238) is to secure equality of distribution among creditors of all the assets, real and personal. Hence, it is held that the legal effect of the suggestion of insolvency is to appropriate the land (with other property) of the debtor for a *pro rata* distribution among his creditors, after first satisfying such as had fixed or specific liens. *Watson* v. *Watson*, 1 Baxter, 389.

The suggestion of insolvency does not defeat liens acquired and *fixed* in the life-time of the debtor, whether they be by judgment, execution, attachment, deed, or otherwise. Such liens so fixed in the life-time of the debtor our insolvency

statutes do not and were not intended to affect. *Fields' Ex'r* v. *Creditors of Wheatly*, 1 Sneed, 350, 351; *Winton* v. *Eldridge*, 3 Head, 360; *Baugess* v. *Partee*, 1 Legal Reporter, 87; *Watson* v. *Watson*, 1 Baxter, 387; *Boyd* v. *Roberts*, 10 Heis., 474.

But they were intended to affect, and the suggestion of insolvency does defeat, liens not fixed in the life-time of the debtor or before suggestion of insolvency. The implied lien of the vendor is defeated. *Watson* v. *Watson*, 1 Baxter, 387. So is the lien of an unregistered mortgage. *Henderson* v. *McGhee*, 6 Heiskell, 55.

These cases establish that the object of the statutes referred to was to prevent the ripening or fixing of liens after the death of the debtor, and we cannot suppose the Legislature intended to defeat such purpose by the subsection in question. The statute was intended to afford the creditor a simple and speedy remedy for the collection of his debt where administration was not granted — too expensive or unnecessary—but was not intended to provide a method by which one creditor might by diligence obtain priority.

In cases where there are no other creditors, or where none intervened, and no insolvency exists or is suggested, and proper defense interposed before the final appropriation of property attached, the statute would operate for effectual relief of the attaching creditor alone; but in cases like the one before us, can give him no priority.

The defendant was summoned to answer the

original bill, and the debt sued on was established, the statute of limitations being no defense under the facts, because waived by the debtor by indorsement on note sued on. *Jordan* v. *Jordan*, 1 Pickle, 561.

The decree of the Chancellor will be so modified as to deny priority of satisfaction to complainants, and permit them to file their decree and share *pro rata* in the distribution of the assets in the insolvent proceedings.

The costs of this cause in the court below will be paid by the administrator of Peters out of assets of the estate, and one-half the costs of this Court. The residue of the costs of appeal will be paid by complainants.